IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CARL ROGER DAVIS and<br>JO ELAINE DAVIS,<br><br>   Plaintiffs,<br><br>vs.<br><br>JAMES A. STROTHER, et al.<br><br>   Defendants. | )<br>)<br>)<br>) Case No. 06-3201-CV-S-RED<br>)<br>)<br>)<br>)<br>) |

## ORDER

Now before the Court is defendants' Motion to Dismiss (#27). Defendants motion argues that plaintiffs' official capacity claims against defendants should be dismissed. After careful consideration, the Court **GRANTS** defendants' motion.

## BACKGROUND

Plaintiffs own a restaurant in Branson, Missouri. On November 23, 2004, a group of federal agents searched plaintiffs' restaurant pursuant to a warrant. The federal agents seized some of plaintiffs' personal property and talked with individuals at the restaurant about plaintiffs during the search. Defendants Strother, Noonan, and Rodden were among the agents involved in the search. Defendant Jones, an attorney, thereafter subpoenaed plaintiffs to testify before a grand jury.

Plaintiffs filed a twenty count complaint against defendants alleging these facts. The first fifteen counts claim that defendants Strother, Noonan, and Rodden violated plaintiffs' constitutional rights by searching the restaurant, seizing plaintiffs' personal property, and interrogating individuals at the restaurant. The sixteenth count claims that defendants violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by refusing to disclose certain information relating to defendant Strother. The seventeenth count claims that plaintiffs' wages are personal property that the tax laws

purport to take without just compensation. The eighteenth and nineteenth counts argue that 28 U.S.C. § 7201 is void, and the twentieth count, construed in the light most favorable to plaintiffs, claims that defendant Jones maliciously prosecuted plaintiffs and abused process against plaintiffs by subpoenaing them to testify before a grand jury.

Defendants filed a motion to dismiss plaintiffs' official capacity claims against defendants. Defendants argue that they are immune from liability in their official capacities, and the Court does not have jurisdiction over plaintiffs' official capacity claims against them.

## DISCUSSION

### *Defendant Jones is immune from liability for malicious prosecution and abuse of process.*

Federal officials are immune from liability unless Congress waives immunity. *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). The most apparent waiver in the context of plaintiffs' malicious prosecution and abuse of process claims against defendant Jones is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. Even the FTCA, however, excepts liability for malicious prosecution and abuse of process from its immunity waiver. 28 U.S.C. 2680(h); *see also Thompson v. Walbran*, 990 F.2d 403, 404 (8th Cir. 1993). Plaintiffs have not identified any statute by which Congress unequivocally waived sovereign immunity for Jones' conduct. Jones is immune from liability in his official capacity on count twenty of plaintiffs' complaint.

### *Defendants Strother, Noonan, and Rodden are immune from liability for misconduct during the search of plaintiffs' restaurant.*

The FTCA waives immunity for claims against federal law enforcement officers arising out of "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. 2680(h). This is an exclusive list, and no other tort actions may be brought against federal law enforcement officers under the FTCA. *Washington v. Drug Enforcement Admin.*, 183 F.3d 868,

-2-

873-74 (8th Cir. 1999). Plaintiffs do not allege that defendants Strother, Noonan, or Rodden committed any of these torts against plaintiffs. At most, plaintiffs claim that defendants trespassed and converted their personal property. Plaintiffs have not identified any statute by which Congress unequivocally waived immunity for defendants' conduct, and defendants are immune from liability in their official capacity on the first fifteen counts of plaintiffs' complaint.

### *Counts sixteen through nineteen cannot be used to establish official capacity claims against defendants because defendants are not proper parties to those claims.*

The FOIA authorizes parties to file lawsuits against federal agencies that refuse to disclose certain information, but it does not create a cause of action against employees of the agencies. *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993). The government is also the proper defendant on a Fifth Amendment takings claim, not the agent that allegedly took the property on the government's behalf. *Lion Raisins, Inc. v. U.S.*, 416 F.3d 1356, 1362-63 (Fed. Cir. 2005) (citing *Yearsley v. W.A. Ross. Construction Co.*, 309 U.S. 18, 21-22 (1940)). Additionally, to obtain a declaratory judgment and injunction on the validity of the tax statutes, plaintiffs must present an "actual controversy" regarding the statutes. 28 U.S.C. § 2801. This means there must be "an actual controversy between *adverse parties*." *Vorbeck v. Schnicker*, 660 F.2d 1260, 1265 (8th Cir. 1981) (emphasis added). Plaintiffs have not established that they have an actual controversy regarding the validity of 28 U.S.C. § 7201 with the federal agents that searched their restaurant or the attorney that subpoenaed them to testify before a grand jury. Counts sixteen through nineteen of plaintiffs' complaint do not establish official capacity claims against defendants.

Case 6:06-cv-03201-RED   Document 35   Filed 01/03/07   Page 3 of 4

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (#27). Plaintiffs' official capacity claims against all defendants are **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

DATE:      January 3, 2007          */s/ Richard E. Dorr*
                                                        RICHARD E. DORR, JUDGE
                                                        UNITED STATES DISTRICT COURT